<span style="color:red">CORRECTED</span>

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-0619V
UNPUBLISHED

| | |
|---|---|
| JACIE BLENKER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: September 10, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision on Proffer; Table<br>Injury; Influenza (Flu); Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA). |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On May 18, 2020, Jacie Blenker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 29, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 30, 2021, a ruling on entitlement was issued finding Petitioner entitled to compensation for her SIRVA. ECF No. 25. On September 9, 2021, Respondent filed a proffer on an award of compensation, to which Petitioner agrees. Proffer (ECF No. 28)

---

[1] Because this unpublished opinion contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the opinion will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(attached hereto as Exhibit A). *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $126,203.68 (representing $120,000.00 for pain and suffering, $4,210.00 for lost wages, and $1,993.68 for unreimbursable medical expenses).** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JACIE BLENKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 20-619V |
| ) | Chief Special Master Brian Corcoran |
| SECRETARY OF ) | |
| HEALTH AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On July 23, 2021, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") within the Table timeframe following an influenza vaccination, which was compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34. Accordingly, on July 30, 2021, the Chief Special Master issued a Ruling on Entitlement.

**I.      Items of Compensation**

Respondent proffers that petitioner should be awarded $120,000.00 for pain and suffering, $4,210.00 for lost wages, and $1,993.68 for unreimbursable medical expenses. These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$126,203.68** in the form of a check payable to petitioner.[1] This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/ LARA A. ENGLUND
LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail:  lara.a.englund@usdoj.gov

Dated:  September 9, 2021

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.